**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| TACO JOHN'S INTERNATIONAL, INC., | § | Jury Trial Demanded |
| | § | |
| *Defendant.* | § | |

---

**PLAINTIFF DIETGOAL INNOVATIONS LLC'S COMPLAINT**
**AGAINST DEFENDANT TACO JOHN'S INTERNATIONAL, INC.**

Plaintiff DietGoal Innovations LLC ("DietGoal") files this Complaint against Defendant Taco John's International, Inc. ("Taco John's") and alleges as follows:

**PARTIES**

1.     Plaintiff DietGoal is a Texas Limited Liability Company based in Austin, Texas.

2.     Defendant Taco John's is a corporation organized and existing under the laws of the State of Wyoming, with its principal place of business located at 808 West 20th Street, P.O. Box 1589, Cheyenne, Wyoming  82001.  Taco John's may be served with process through its registered agent Linda Parsons, 2724 Millimar, Plano, Texas 75075.

**JURISDICTION AND VENUE**

3.     This complaint asserts a claim for breach of a settlement agreement against Taco John's settling and compromising DietGoal's claims of patent infringement previously asserted against Taco John's and Taco John's defenses and counterclaims relating to those claims.

4.     DietGoal is a citizen of the States of Texas and New York.  Taco John's is a citizen of the State of Wyoming.

**PLAINTIFF DIETGOAL INNOVATIONS LLC'S COMPLAINT**
**AGAINST DEFENDANT TACO JOHN'S INTERNATIONAL, INC.**                    **Page 1**

5.      The amount in controversy relating to this claim by DietGoal against Taco John's exceeds $75,000.

6.      This Court has jurisdiction over the subject matter of the claim in this supplemental complaint pursuant to 28 U.S.C. § 1332.

7.      Taco John's is subject to the personal jurisdiction of this Court by virtue of entering into a settlement agreement with DietGoal in the State of Texas settling and compromising the claims and counterclaims in a lawsuit pending in the State of Texas, and then breaching that settlement agreement in this state by refusing to perform its obligations under the settlement agreement in the State of Texas.  Taco John's conduct constitutes doing business in the State of Texas pursuant to Section 17.042 of the Texas Civil Practice and Remedies Code because it constitutes entering into a contract with DietGoal, a Texas resident, and Taco John's was to perform under the settlement agreement by making the settlement payment to DietGoal in Texas and the parties were to dismiss their claims and counterclaims in the lawsuit pending in the State of Texas.  Thus, Taco John's is subject to the specific personal jurisdiction of this Court.

8.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).  Taco John's resides in this judicial district for venue purposes and this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  In particular, the mediator who involved in the negotiations resulting in the settlement resides in Tyler, Texas. Both DietGoal and Taco John's communicated their acceptance of the mediator's settlement proposal to the mediator in Tyler, Texas.

## FACTUAL BACKGROUND

9.     DietGoal filed suit against Taco John's alleging infringement of U.S. Patent No. 6,585,516 ("the `516 Patent") on December 7, 2012 in the Eastern District of Texas.   On November 7, 2013, Taco John's filed a Motion to Dismiss for Improper Venue.  On February 25, 2014, the Court issued an order transferring that case to the Northern District of Texas.

10.     Prior to the transfer of DietGoal's patent infringement lawsuit to the Northern District of Texas, the Eastern District of Texas court appointed Jim Knowles as the mediator in the litigation and ordered the parties to engage in mediation.  Jim Knowles resides and does business in Tyler, Texas.

11.     On April 3, 2014, Mr. Knowles e-mailed a mediator's proposal to the parties.  In this e-mail, Mr. Knowles proposed a settlement of $55,000 "in the context of an acceptable complete settlement of all issues in the case."  Mr. Knowles set forth a deadline to respond by 10:00 a.m. on Friday, April 11, 2014.

12.     At 11:14 a.m. on Friday, April 11, 2014, Mr. Knowles notified the parties that a settlement had not been reached.  Shortly thereafter, counsel for Taco John's, Mr. Quisenberry, called counsel for DietGoal, Ms. Tavakoli, to explain that Mr. Quisenberry did not respond by 10:00 a.m. because Mr. Quisenberry had misunderstood Mr. Knowles' deadline to be 5:00 p.m. on April 11, 2014.  Mr. Quisenberry then inquired if DietGoal was still interested in accepting a release for the $55,000 set forth in the mediator's proposal.   Ms. Tavakoli advised Mr. Quisenberry that the mediator's proposal was intended to be an anonymous acceptance or rejection and, thus, did not intend to reveal DietGoal's position, but did suggest that Mr. Quisenberry contact Mr. Knowles to explain the misunderstanding.

13.     At 3:56 p.m. on April 11, 2014, Mr. Knowles sent another e-mail notifying the parties that a settlement had been reached (the "Mediated Settlement").   Specifically,

Mr. Knowles stated that after "additional conversations with [counsel for DietGoal and Taco John's] since this previous message [] I can now report that both sides accept the proposal so there is agreement to settle the case on these terms."

14.     On April 14, 2014, Ms. Tavakoli sent Mr. Quisenberry a draft release settlement agreement to memorialize the terms of the Mediated Settlement.  The form of the draft release agreement was substantially similar to all of the previous release agreements entered into by DietGoal with other parties, and that were produced to Taco John's during the course of this litigation.   Ms. Tavakoli also sent Mr. Quisenberry a draft joint motion to stay remaining deadlines in the case pending finalization of the release agreement.

15.     On April 15 and 16, 2014, Ms. Tavakoli followed up with Mr. Quisenberry via e-mail and telephone regarding the status of the joint motion to stay.   On April 16, Mr. Quisenberry indicated that he was still working out the details with his client on both the joint motion to stay and the release agreement.

16.     On April 18, 2014, Ms. Tavakoli again followed up with Mr. Quisenberry regarding the status of the joint motion to stay.   Having received no response from Mr. Quisenberry, Ms. Tavakoli again called Mr. Quisenberry on April 21, 2014 to follow up on the status of the joint motion to stay and release agreement.  Later that evening, Mr. Quisenberry acknowledged receipt of Ms. Tavakoli's April 21, 2014 voicemail, but did not provide any update regarding the status of these two issues.   Ms. Tavakoli again followed up with Mr. Quisenberry on April 23, 2014 and requested that Taco John's notify DietGoal if it did not intend to join in the motion to stay all deadlines pending the finalization of the release agreement.

17.     On April 23, 2014, Mr. Quisenberry e-mailed to Ms. Tavakoli a redlined copy of the joint motion to stay and a redlined copy of DietGoal's draft release agreement.  Taco John's redline of the draft release agreement included several additional and unreasonable material terms and conditions that were never agreed to when the parties accepted the mediator's proposal and not a part of the Mediated Settlement.

18.     These material, new terms included a release of not only the patent infringement claims asserted by DietGoal in this lawsuit, but also a release of any claims pursuant to any other patent owned or controlled by DietGoal or any "affiliates" of DietGoal (as broadly defined by Taco John's to include any entity that directly or indirectly, controls, is controlled by, or is under common control with DietGoal, which encompasses numerous entities and patents completely unrelated to DietGoal or DietGoal's claims asserted in this lawsuit).  They also included a covenant not to sue Taco John's regarding any patents ever owned by DietGoal and any of its "affiliates," as well as a release of any other possible claim DietGoal or any of its "affiliates" might have against Taco John's, its affiliates and numerous third party business partners of Taco John's, regardless of whether the claim had anything to do with the patent asserted in this lawsuit.  The Taco John's redline also contained a provision providing for Cheyenne, Wyoming as the exclusive venue for any dispute relating to the settlement.

19.     On April 25, 2014, Ms. Tavakoli sent Mr. Quisenberry a revised release agreement accepting certain requested changes requested by Taco John's and again inquired about the status of the joint motion to stay.   Shortly afterwards, Ms. Tavakoli and Mr. Quisenberry had a telephone conversation to discuss Taco John's issues regarding the filing of the joint motion to stay.  Mr. Quisenberry indicated that Taco John's did not want to announce the existence of the settlement agreement at that time, but, instead, preferred to wait until a

written agreement was executed before filing any motion with the Court mentioning the settlement.  To address Taco John's concerns and provide notice to the Court of the parties' agreement, Ms. Tavakoli suggested in a follow up e-mail filing the joint motion under seal.  Taco John's counsel did not respond to this suggestion.

20.     On April 29, 2014, counsel for DietGoal again reached out to Mr. Quisenberry to determine if Taco John's would agree to file a joint motion to stay deadlines pending finalization of the release.  Since Taco John's was unwilling to do so, DietGoal requested a two-week extension to file its answer to Taco John's counterclaims.  Taco John's agreed to the two-week extension and the parties agreed to further discuss the release agreement on May 5, 2014.

21.     On May 5, 2014, Ms. Tavakoli followed up with Mr. Quisenberry on the status of the release agreement and inquired when DietGoal would receive a redline draft reflecting Taco John's response to the last draft of the agreement circulated by DietGoal.  Taco John's counsel again did not respond.  Ms. Tavakoli then again e-mailed Mr. Quisenberry on May 7, 2014 to check on the progress of the release agreement in light of DietGoal's deadline to file an answer to Taco John's counterclaims on Monday, May 12, 2014.

22.     Taco John's counsel Mr. Quisenberry finally spoke with Ms. Tavakoli about DietGoal's latest draft of the release agreement on May 8, 2014.  Mr. Quisenberry reiterated that Taco John's was insisting that DietGoal agree to the releases and covenants not to sue set forth in its April 23 draft, as discussed above.  After going through each proposed revision, Mr. Quisenberry further indicated that he would provide DietGoal with Taco John's proposed revisions by May 9, 2014 or at the latest, May 12, 2014.  To date, Taco John's has not provided any additional proposed revisions, has not signed the last draft of the release circulated by DietGoal or any release agreement reflecting the terms of the Mediated Settlement Taco John's

**PLAINTIFF DIETGOAL INNOVATIONS LLC'S COMPLAINT**
**AGAINST DEFENDANT TACO JOHN'S INTERNATIONAL, INC.**          **Page 6**

agreed to on April 11, 2014, and has not made the $55,000 settlement payment it agreed to make when it accepted the mediator's proposal on that date.

23.     On the same date Taco John's accepted the settlement proposal proposed by the mediator, Taco John's filed a motion to transfer the patent infringement lawsuit to the District of Wyoming, even though Taco John's never objected to the Eastern District of Texas Magistrate Judge's order transferring the patent infringement lawsuit to the Northern District of Texas.  On May 21, 2014, DietGoal filed a complaint in the Northern District of Texas asserting its breach of contract claim against Taco John's.  Taco John's did not file a motion to transfer DietGoal's breach of contract action to Wyoming.  On July 15, 2014, the Northern District of Texas granted Taco John's motion to transfer DietGoal's patent infringement lawsuit and at the same time consolidated DietGoal's separate breach of contract action with the previously filed patent infringement action.  As a consequence DietGoal's breach of contract action was transferred to Wyoming along with the previously filed patent infringement action to which Taco John's motion to transfer was related.  Because Taco John's had not filed an answer or motion for summary judgment in the separate breach of contract action, and because that action is not based upon the facts giving rise to the patent infringement action and is essentially based entirely on events and transactions occurring in the State of Texas and this judicial district, DietGoal voluntarily dismissed its breach of contract action pending in Wyoming and refiled that action in this Court.

## CLAIM 1 – BREACH OF THE SETTLEMENT AGREEMENT

24.     Taco John's entered into a binding contract with DietGoal on April 11, 2014, when it accepted the mediator's proposal to settle all issues in this case by paying DietGoal $55,000 – the Mediated Settlement.

25.     DietGoal fully performed its obligation under the Mediated Settlement by tendering to Taco John's a proposed release settlement agreement providing for the dismissal of all claims asserted by DietGoal against Taco John's in this lawsuit and a release by DietGoal of Taco John's of all claims asserted or that could have been asserted against Taco John's relating to the `516 patent in suit.

26.     Taco John's breached the Mediated Settlement by refusing to pay the $55,000 settlement amount within a reasonable time, which is not more than 30 days from the date the parties entered into the Mediated Settlement.

27.     As a direct and proximate result of Taco John's breach of the Mediated Settlement, DietGoal has suffered damages, including being deprived of the $55,000 settlement payment owed by Taco John's to DietGoal, as well as being forced to incur additional attorneys' fees and expenses responding to pleadings and other papers filed or served by Taco John's in the underlying patent litigation that Taco John's agreed to settle and dispose of when it entered into the Mediated Settlement.

28.     By reason of Taco John's breach of the Mediated Settlement, DietGoal has been required to retain the undersigned counsel and has agreed to pay them a reasonable fee for their services in prosecuting DietGoal's breach of contract claim.  Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, DietGoal is entitled to recover its attorneys' fees incurred in

connection with this action.  DietGoal has complied with all presentment requirements under Texas law.

29.     DietGoal requests a trial by jury on its breach of contract claim against Taco John's.

WHEREFORE, DietGoal requests entry of judgment on its Supplemental Complaint that:

1.     Taco John's has breached the Mediated Settlement;

2.     Taco John's accounts for and pays to DietGoal all damages caused by its breach of the Mediated Settlement;

3.     DietGoal be awarded reasonable attorneys' fees in connection with bringing its claim for breach of contract against Taco John's;

4.     DietGoal be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Taco John's breach of the Mediated Settlement;

5.     DietGoal be awarded costs; and

6.     DietGoal be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  July 17, 2014                    Respectfully submitted,

                                         **BUETHER JOE & CARPENTER, LLC**

                                         By:      */s/ Eric W. Buether*
                                                  Eric W. Buether
                                                  State Bar No. 03316880
                                                  Eric.Buether@BJCIPLaw.com
                                                  Christopher M. Joe
                                                  State Bar No. 00787770
                                                  Chris.Joe@BJCIPLaw.com
                                                  Brian A. Carpenter
                                                  State Bar No. 03840600
                                                  Brian.Carpenter@BJCIPLaw.com
                                                  Monica Tavakoli
                                                  State Bar No. 24065822
                                                  Monica.Tavakoli@BJCIPLaw.com
                                                  Michael D. Ricketts
                                                  State Bar No.24079208
                                                  Mickey.Ricketts@BJCIPLaw.com
                                                  Niky Bukovcan
                                                  State Bar No. 24078287
                                                  Niky.Bukovcan@BJCIPLaw.com

                                                  1700 Pacific Avenue
                                                  Suite 4750
                                                  Dallas, Texas 75201
                                                  Telephone:     (214) 477-1271
                                                  Facsimile:     (214) 635-1827

                                                  **ATTORNEYS FOR PLAINTIFF**
                                                  **DIETGOAL INNOVATIONS LLC**